IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT, et al.,<br><br>            Defendants. | Case No. 22-cv-03036-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTIONS FOR A MORE DEFINITE STATEMENT** |

Plaintiff A.L., by and through her parent and guardian ad litem, Joseph Lain ("Plaintiffs") bring various claims against two public educational entities, the Pleasanton Unified School District ("PUSD") and the Contra Costa County Office of Education ("CCCOE"; together, the "Entity Defendants") and their employees, for failure to provide A.L. with an appropriate education. Both PUSD and CCCOE move to dismiss the complaint. CCCOE Mot. (dkt. 24); PUSD Mot. (dkt. 25). As explained below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court DENIES PUSD's motion to dismiss as to Plaintiffs' claim for denial of FAPE (claim II), GRANTS both motions to dismiss as to Plaintiffs' state-law claims (claims III, IV, and V), GRANTS both motions for a more definite statement as to Plaintiffs' claim for a "Declaration Against Individuals" (claim VI), and DENIES both motions for a more definite statement as to all other claims.

## I.  BACKGROUND

Plaintiffs allege the following:

A.L. is a minor child with Wolf-Hirschhorn Syndrome. Compl. (dkt. 1) ¶ 26. She

"requires highly specialized and highly individualized supports to participate in the world," including to help her learn and succeed at school. Id. ¶ 29. This case is only the latest in a long history of actions, in state administrative processes and in federal court, that seek to give A.L. the specialized attention and equipment she needs to learn and thrive. See id. ¶¶ 38–39, 42–45, 77–79, 83–100.

In July 2019, A.L.'s father, Joseph Lain, entered into an agreement with PUSD on behalf of A.L., recognizing that CCCOE's Mauzy School would be her educational placement. Id. ¶ 30. In August 2019, A.L. was offered an Individual Education Plan ("IEP"), which codified the July 2019 agreement and stated, among other things, that A.L. was entitled to an individual nurse/aide, speech therapy, physical therapy, vision therapy, and adaptive physical education. Id. ¶¶ 35–36. In October 2019, Lain filed a due process complaint with the California Office of Administrative Hearings (OAH), alleging denial of free, appropriate public education (FAPE), because the school had failed to provide a nurse/aide pursuant to the August IEP. Id. ¶ 38. In January 2020, the OAH found that these claims had merit. Id. ¶ 39. Following further erosion of A.L.'s educational opportunities as a result of the COVID-19 pandemic, in April 2020, Plaintiffs filed suit against PUSD, CCCOE, and various individual defendants in the Northern District. Id. ¶¶ 40, 42; see also Lain v. Pleasanton Unified Sch. Dist., 20-cv-2350 (N.D. Cal.). While that action was pending, in July 2020, Plaintiffs again sought relief from the OAH. Compl. ¶ 45.

In March 2021, the parties entered into a Settlement Agreement. Id. ¶¶ 46–49; id. Ex. 2. In it, PUSD and CCCOE agreed to particular terms to further A.L.'s education at the Mauzy School, including hiring a back-up nurse, holding collaboration meetings with Lain to discuss A.L.'s schooling and care, and purchasing particular equipment. Id. ¶ 53. In exchange, Plaintiffs were required to release their claims against PUSD and CCCOE and seek dismissal of the pending federal and OAH actions. Id. ¶ 58.

Almost immediately, Plaintiffs noticed compliance issues. In March 2021, A.L.'s nurse/aide quit, and Defendants failed to replace them promptly, instead hiring a nurse to

attend only to A.L.'s health requirements but not her learning needs. Id. ¶ 59. Defendants had also failed to supply particular equipment under the terms of the March 2021 Settlement Agreement. Id. ¶ 63. Though Defendants made attempts to provide for A.L.'s needs—by providing a 1:1 educational support aide, for example—such arrangements did not last, and Jennifer Rickard, PUSD's Assistant Special Education Director, informed Plaintiffs that A.L. would not be receiving a 1:1 aide when she returned to school in-person in Fall 2021. Id. ¶¶ 66–67. After A.L.'s doctor recommended that she remain at home in Fall 2021 due to a rise in COVID-19 cases, Defendants offered Plaintiffs "home hospital" schooling, which amounted to 60 minutes of instruction each day. Id. ¶¶ 71–74. Plaintiffs consented to the offer, "just to get something." Id. ¶¶ 75 & n.18.

In November 2021, Plaintiffs once again filed a due process complaint with the OAH, alleging violations of IDEA and FAPE, as well as contract violations relating to the March 2021 Settlement Agreement. Id. ¶ 77. In January 2022, Plaintiffs filed a notice of claim with PUSD and CCCOE for fraud and contract violations arising out of the March 2021 Settlement Agreement. Id. ¶ 82. In February 2022, OAH dismissed Plaintiffs' most recent due process complaint, finding that it lacked jurisdiction to hear Plaintiffs' claims. Id. ¶¶ 92–95.

Plaintiffs bring this suit against both PUSD and CCCOE, along with many of their employees: David Haglund, the Superintendent of PUSD; Ed Diolazo, the Assistant Superintendent of PUSD; Kenneth Goeken, the Director of Special Education for PUSD; Jennifer Rickard, the Assistant Director of Special Education for PUSD; Lynn Mackey, the Senior Director of Student Programs for CCCOE;[1] Nick Burger, the Senior Director of Student Programs for CCCOE; and Thomas Scruggs, the Director of Student Programs for CCCOE (together, the "Individual Defendants"). Id. ¶¶ 12–22.

Plaintiffs bring six claims: A claim under 20 U.S.C. § 1415(i)(2) of the IDEA

---

[1] CCCOE's motion indicates that this is in error, and in fact Mackey is the County Superintendent of Schools for CCCOE. CCCOE Mot. at 2 n.1. The March 2021 Settlement Agreement indicates that CCCOE is correct. Compl. Ex. 2 at 19. In any case, Mackey's precise title is immaterial to this order.

3

seeking reversal of the February 2022 OAH decision (claim I); a claim alleging denial of FAPE, seemingly[2] against the Entity Defendants (claim II); a claim for breach of the March 2021 Settlement Agreement against all defendants (claim III); a claim for breach of the implied covenant of good faith and fair dealing as to the March 2021 Settlement Agreement against all defendants (claim IV); a claim for fraud against all defendants (claim V); and a claim for a "Declaration Against Individuals" against the Individual Defendants (claim VI). See id. ¶¶ 104–46. On September 19, CCCOE filed its motion to dismiss and motion for a more definite statement on behalf of itself and its defendant employees, Mackey, Burger, and Scruggs. See CCCOE Mot. PUSD filed its motion on September 22.[3] See PUSD Mot.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp.

---

[2] Unlike their other claims, Plaintiffs do not clarify which Defendants they sue for denial of FAPE in the heading of that cause of action. See Compl. at 21. However, the substance of the claim indicates that it is brought against the Entity Defendants, not the Individual Defendants. See id. ¶ 114 (stating that "Plaintiffs request the Court . . . hear their IDEA and California Education Code violation claims against Defendant LEAs" where "LEAs" are defined in the Complaint as CCCOE and PUSD collectively).

[3] Plaintiffs correctly point out that PUSD's motion to dismiss was filed more than 60 days after the waiver of service form was sent, in violation of Federal Rule of Civil Procedure 12(a)(1)(A)(ii). Opp'n to PUSD (dkt. 29) at 1 n.1; see also dkt. 13 (waiver sent on July 8, 2022); PUSD Mot. (filed on September 22, 2022, 76 days after waiver sent). Plaintiffs ask that PUSD's motion "be dismissed in [its] entirety due to untimeliness." Opp'n to PUSD at 1 n.1. Because Plaintiffs do not indicate that they were prejudiced by PUSD's late filing, and to promote the just and speedy determination of the issues presented, the Court considers PUSD's briefing on this motion. PUSD is advised to take greater care to comply with the Federal Rules in future.

4

1   v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads
2   factual content that allows the court to draw the reasonable inference that the defendant is
3   liable for the misconduct alleged."  Id. at 678.  When evaluating a motion to dismiss, the
4   Court "must presume all factual allegations of the complaint to be true and draw all
5   reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles,
6   828 F.2d 556, 561 (9th Cir. 1987).  However, it is "not bound to accept as true a legal
7   conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986);
8   Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

9       If a court dismisses a complaint for failure to state a claim, it should "freely give
10  leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has
11  discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the
12  part of the movant, repeated failure to cure deficiencies by amendment previously allowed,
13  undue prejudice to the opposing party by virtue of allowance of the amendment, [and]
14  futility of amendment."  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th
15  Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  To determine whether
16  amendment would be futile, courts examine whether the complaint can be amended to cure
17  the defect requiring dismissal "without contradicting any of the allegations of [the] original
18  complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990).

19      **B.**    **Motion for a More Definite Statement**

20      Rule 12(e) allows a party to move for a more definite statement of a pleading which
21  is so vague, ambiguous, or indefinite that the party cannot reasonably prepare a response.
22  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("[If a] pleading fails to
23  specify the allegations in a manner that provides sufficient notice, a defendant can move
24  for a more definite statement under Rule 12(e) before responding."); Neveau v. City of
25  Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (explaining that a Rule 12(e) motion
26  "attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is
27  only proper when a party is unable to determine how to frame a response to the issues
28  raised by the complaint").

1    The Court considers a Rule 12(e) motion in light of the liberal pleading standard set
2    forth in Rule 8, which requires a complaint be: "(1) a short and plain statement of the
3    grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim
4    showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which
5    may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); see
6    also Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading
7    system, which was adopted to focus litigation on the merits of a claim."). Where a party
8    understands the substance of the claim asserted, or can obtain the details through
9    discovery, the motion need not be granted. Griffin v. Cedar Fair, L.P., 817 F. Supp. 2d
10   1152, 1156 (N.D. Cal. 2011). However, the court may, in its discretion, "require such
11   detail as may be appropriate in the particular case." McHenry v. Renne, 84 F.3d 1172,
12   1179 (9th Cir. 1996).

### III. DISCUSSION

PUSD moves to dismiss Plaintiffs' claim for denial of FAPE (claim II). Both parties move to dismiss Plaintiffs' state-law claims for breach of contract (claim III), breach of the implied covenant of good faith and fair dealing (claim IV), and fraud (claim V). See CCCOE Mot.; PUSD Mot.  In the alternative, both parties move for a more definite statement as to all claims. See CCCOE Mot. at 15; PUSD Mot. at 14–15.

First, because PUSD's argument that Plaintiffs have failed to exhaust their administrative remedies is without merit, the Court denies PUSD's motion to dismiss Plaintiffs' claim for denial of FAPE (claim II).

Second, because Plaintiffs fail to allege compliance with California's Government Tort Claims Act, the Court grants Defendants' motions to dismiss the state-law claims (claims III–V) with leave to amend to demonstrate compliance.  However, because Plaintiffs as a matter of law cannot allege claims arising out of contract against Individual Defendants who did not participate in signing the March 2021 Settlement Agreement, the breach of contract and breach of implied covenant of good faith and fair dealing claims (claims III–IV) are dismissed without leave to amend to the extent they are alleged against

6

those Individual Defendants.

Third, because Plaintiffs fail to clarify the source of law underpinning their claim for a "Declaration Against Individuals" (claim VI), the Court grants Defendants' motions for a more definite statement as to that claim.

### A. Failure to Exhaust Administrative Remedies

PUSD argues that, because Plaintiffs also bring a claim that seeks judicial review of the February 2022 OAH decision, they have failed to exhaust their administrative remedies under the IDEA. PUSD Mot. at 6–7. Plaintiffs argue that they have exhausted their administrative remedies, but even if they have not, their failure is excused under the exceptions outlined in Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298 (9th Cir. 1992).

The Supreme Court has helpfully laid out the requirements for exhaustion of administrative procedures under the IDEA:

> To begin, a dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency (as state law provides). See § 1415(b)(6). That pleading generally triggers a "[p]reliminary meeting" involving the contending parties, § 1415(f)(1)(B)(i); at their option, the parties may instead (or also) pursue a full-fledged mediation process, see § 1415(e). Assuming their impasse continues, the matter proceeds to a "due process hearing" before an impartial hearing officer. § 1415(f)(1)(A); see § 1415(f)(3)(A)(i). Any decision of the officer granting substantive relief must be "based on a determination of whether the child received a [FAPE]." § 1415(f)(3)(E)(i). If the hearing is initially conducted at the local level, the ruling is appealable to the state agency. See § 1415(g). Finally, a parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. See § 1415(i)(2)(A).

Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 749 (2017). The IDEA's exhaustion provision further requires: "[B]efore the filing of a civil action under [the IDEA] seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted . . . ." 20 U.S.C. § 1415(l).

Thus, put simply, to seek relief for denial of FAPE under the IDEA, one must first seek a due process hearing under § 1415(f), and file an administrative appeal, if available, under § 1415(g); only then may a plaintiff bring a civil action under § 1415(i)(2)(A). A

7

1  civil action is not required—rather, a plaintiff "shall <u>have the right</u> to bring a civil action"
2  after the administrative procedures have concluded, not that they <u>are required</u> to do so to
3  exhaust their administrative remedies. <u>Id.</u> § 1415(i)(2)(A) (emphasis added). Section
4  1415(l), the exhaustion provision, is in total agreement: It says that "the procedures under
5  subsections <u>(f)</u> and <u>(g)</u> shall be exhausted prior to bringing suit," but says nothing about
6  subsection <u>(i)</u>, where the "[r]ight to bring a civil action" under the IDEA is found.[4] <u>Id.</u>
7  § 1415(l) (emphasis added); § 1415(i)(2)(A).

PUSD puts forth no case, and the Court finds none, in which a court found that a simultaneous claims for judicial review of an OAH decision and denial of FAPE under 20 U.S.C. § 1415(i)(2) constituted a failure to exhaust administrative remedies under 20 U.S.C. § 1415(l) of the IDEA. As such, PUSD's motion is denied as to this claim.[5]

### B. Dismissal of State-Law Claims (Claims III–V)

#### 1. Compliance with the Government Tort Claims Act

Under the California Government Tort Claims Act (CTCA), a plaintiff may not bring a suit for "money or damages" against a public entity or public employee until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected. Cal. Gov't Code §§ 905, 910, 945.4, 950.6; <u>Santa Ana Police Officers Ass'n v. City of Santa Ana</u>, 723 F. App'x 399, 401 (9th Cir. 2018); <u>see also</u> <u>Ramachandran v. City of Los Altos</u>, 359 F. Supp. 3d 801, 816 (N.D. Cal. 2019). This requirement applies equally to contract claims, not just tort claims. <u>Hart v. Alameda County</u>, 76 Cal. App. 4th 766, 778 (1999). Upon bringing a claim, a plaintiff must "allege facts demonstrating or excusing compliance with the claim presentation requirements."

---

[4] In fact, the Court is not convinced that Plaintiffs' claims for reversal of the OAH's decision (claim I) and denial of FAPE (claim II) represent separate causes of action under the IDEA at all, though they are styled as such in the Complaint. <u>Cf.</u> <u>Martinez v. Newsom</u>, 46 F.4th 965, 973 (9th Cir. 2022); <u>A. A. P. v. Sierra Plumas Joint Unified Sch. Dist.</u>, 19-cv-882, 2021 WL 847812, at *5 (E.D. Cal. Mar. 5, 2021).
[5] PUSD's motion also seems to argue in passing that the Court should dismiss on <u>Younger</u> abstention grounds. PUSD Mot. at 5. Plaintiffs argue that <u>Younger</u> is inapplicable in this context, <u>see</u> Opp'n to PUSD at 2–3, and the Court agrees. <u>See</u> <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 72–73 (2013).

1   Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State
2   of California v. Superior Ct. (Bodde), 32 Cal.4th 1234, 1243 (2002)).  Because the claim
3   presentation requirement is understood by California courts to be a "substantive
4   limitation," pleading compliance is a required to state a claim.  Bodde, 32 Cal.4th at 1240–
5   41.

6   The Complaint alleges that "[o]n January 24, 2022, pursuant to California's Tort
7   Claims Act, Plaintiffs filed a Notice of Government Claim with PUSD and CCCOE for
8   fraud, contract violations, and breach of the covenant of good faith and fair dealing
9   pertaining to the March 2021 Settlement Agreement."  Compl. ¶ 82 (emphasis omitted).  In
10  its motion to dismiss, Defendants argue that the Complaint has not complied with the
11  CTCA's claim presentation requirements because it fails to allege whether and when the
12  claim was "acted upon . . . or . . . deemed to have been rejected." Cal. Gov't Code § 945.4;
13  CCCOE Mot. at 7–8; see also PUSD Mot. at 8–9.  In their opposition, Plaintiffs respond
14  by attaching what appears to be a formal notice of rejection of claim from CCCOE, sent on
15  March 7, 2022.  Opp'n to CCCOE (dkt. 27) at 5; id. Ex. A.  Plaintiffs further argue that
16  "[t]he County knows, or should know, that it issued a rejection of the claim," and thus
17  pleading the rejection is not required. Id. at 5.  Defendants do not dispute the authenticity
18  of the notice of rejection attached to Plaintiffs' opposition; they instead reiterate that the
19  Complaint fails to properly allege compliance with the CTCA.  CCCOE Reply (dkt. 31) at
20  2; PUSD Reply (dkt. 32) at 3–4.

21  The Court agrees with Defendants that an allegation that the claim was acted upon
22  is required to plead compliance with the CTCA.  The statutory scheme is clear that a claim
23  must be "rejected" or otherwise "acted upon" for a plaintiff to be able to assert the claim in
24  court, and whether and how such a claim is rejected affects other requirements, including
25  time limitations. Cal. Gov't Code § 945.4; see also id. § 945.6 (providing that where
26  written notice of rejection is provided, a suit must be commenced within six months of
27  delivery of the notice). And because the claim presentation requirement is substantive
28  rather than procedural, California courts require pleadings to demonstrate compliance. See

United States District Court
Northern District of California

Bodde, 32 Cal.4th at 1240–41.

Plaintiffs' argument—that because CCCOE "knows, or should know, that it issued a rejection of the claim," it need not plead that rejection—is unpersuasive. The California Supreme Court dismissed a similar argument in City of San Jose v. Superior Court, where the plaintiffs in that case argued that, because "the city had been provided with notice and information regarding the rights asserted against it," strict compliance with the claim presentation requirement was unnecessary. 12 Cal.3d 447, 455 (1974). The court disagreed: "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." Id. City of San Jose should be applied with equal force here, as pleading that the claim was "acted upon" is a required element of the statute, see Cal. Gov't Code § 945.4, and the County's "actual knowledge of the circumstances surrounding" the rejection of the claim does not render these requirements satisfied.  12 Cal.3d at 455.

Thus, both motions to dismiss Plaintiffs' state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud are granted with leave to amend to allege compliance with the claim presentation requirements of the CTCA.

Because the Court dismisses Plaintiffs' state-law claims on the basis of Defendants' CTCA argument, the Court declines to address many of their other arguments for dismissal. However, to simplify the issues upon amendment, the Court also addresses CCCOE's argument that the Plaintiffs cannot bring claims based in contract against the Individual Defendants, as they are not parties to the March 2021 Settlement Agreement.

### 2. Claims Based in Contract Against Individual Defendants

Plaintiffs bring their claims based in contract—for breach of contract and breach of the implied covenant of good faith and fair dealing—against the Individual Defendants as well as the Entity Defendants.  Compl. at 23, 25.  CCCOE argues that these claims must be dismissed as the Plaintiffs have not demonstrated that the Individual Defendants were

10

1  parties to the contract at issue, the March 2021 Settlement Agreement. CCCOE Mot. at 9,
2  11. Plaintiffs respond that, as agents signing on behalf of, and otherwise representing,
3  their employer, Individual Defendants are parties to the contract. Opp'n to CCCOE at 9–
4  10.

5        Plaintiffs are incorrect: It is a basic principle of agency law that agents, signing
6  contracts on behalf of their employers, are not liable for breaches of those contracts. See 3
7  Witkin Summary of California Law, Agency & Employment § 207 (11th ed. 2022)
8  ("Normally, the agent will not be liable on a written contract made in the name of the
9  principal."); Restatement (Third) of Agency § 6.01 (Am. L. Inst. 2006) (stating the "basic
10 principle that when an agent enters into a contract on behalf of a disclosed principal, the
11 principal and the third party are parties to the contract" and that "[a]n agent does not
12 become a party to a contract made on behalf of a disclosed principal unless the agent and
13 the third party so agree"); In re Boon Glob. Ltd., 923 F.3d 643, 651 (9th Cir. 2019) ("A
14 corporate officer does not become a party to the contract simply by 'signing it in the
15 officer's representative capacity.'" (quoting Restatement (Third) of Agency § 6.01)); Area
16 51 Prods., Inc. v. City of Alameda, 20 Cal. App. 5th 581, 603 (2018) ("We see no basis in
17 law for imposing breach of contract liability on a stranger to this alleged contract under an
18 agency theory . . . ."). This principle applies equally to breaches of the implied covenant
19 of good faith and fair dealing, where the existence of a valid contract between the parties is
20 a required element. See, e.g., Hewlett-Packard Co. v. Oracle Corp., 65 Cal. App. 5th 506,
21 554 (2021). To overcome the governing rule and make an agent liable on the contract as a
22 principal, a plaintiff must demonstrate both that (1) the agent lacked the authority to enter
23 into the contract on behalf of the principal, and (2) the agent did so in bad faith. See
24 Witkin, supra; Area 51, 20 Cal. App. 5th at 603 n.13.

25       Plaintiffs have plainly not met this standard. First, only Defendants Mackey and
26 Diolazo signed the contract on behalf of CCCOE and PUSD, respectively; Plaintiffs do not
27 allege that any other Individual Defendant did so, and the contract itself does not provide
28 any indication of any other Individual Defendant's participation. See Compl. Ex. 2. Nor

1   does the contract itself say anything about making Defendants Mackey, Diolazo, or any
2   other employees parties to the contract; it in fact indicates the opposite. See id. Ex. 2 at 1
3   ("No other parties, agencies, individuals, or entities are governed by the terms of this
4   Agreement unless set forth below."). Further, the Complaint does not allege that
5   Defendants Mackey and Diolazo entered into the contract without the authority to do so, or
6   that they signed with knowledge that they lacked that authority, as required to impute
7   liability to them as agents. See Compl. ¶¶ 47–48. Plaintiffs may point to the allegation
8   that the Individual Defendants "contributed in perpetrating the fraud in inducing Plaintiffs
9   to enter into the settlement agreement that ended their cases against Defendants," Compl.
10  ¶ 140, but while such an allegation may go to bad faith on the part of CCCOE and PUSD
11  as parties to the contract, it does not demonstrate Defendants Mackey and Diolazo
12  represented that they had the authority to sign the contract on behalf of CCCOE and PUSD
13  when they lacked it, or that they did so in bad faith.
14      The Court thus grants dismissal of the breach of contract and breach of implied
15  covenant of good faith and fair dealing claims as to the Individual Defendants on this
16  additional basis. This dismissal is without leave to amend with respect to Defendants
17  Haglund, Goeken, Rickard, Burger, and Scruggs, as they were not signatories to the March
18  2021 Settlement Agreement, and thus cannot be liable for its breach even as agents. This
19  dismissal is with leave to amend with respect to Defendants Mackey and Diolazo, but
20  Plaintiffs must, at minimum, plausibly plead lack of authority and bad faith to impute
21  liability to them as agents for breach of the March 2021 Settlement Agreement.

   **C.  Motion for a More Definite Statement**

23      Defendants move in the alternative for a more definite statement under Federal Rule
24  of Civil Procedure 12(e). As explained below, this motion is denied as to Plaintiffs' claims
25  for judicial review under the IDEA and denial of FAPE, denied as moot as to Plaintiffs'
26  state-law claims for breach of contract, breach of the covenant of good faith and fair
27  dealing, and fraud, but granted as to Plaintiffs' claim for a "Declaration Against
28  Individuals."

12

With respect to Plaintiffs' claims under 20 U.S.C. § 1415 for judicial review under the IDEA and denial of FAPE, the Court finds that Plaintiffs have presented sufficient facts to allow the defendants to respond, as evidenced by PUSD's exhaustion argument. See PUSD Mot. at 6–7. And because the Court dismisses Plaintiffs' state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud, the Court denies as moot this motion with respect to those claims.

Plaintiffs' sixth claim, for a "Declaration Against Individuals," is another matter. Plaintiffs do not clarify the source of law underpinning this claim, and this omission has caused confusion in the parties' briefing. For example, CCCOE's motion states that the cause of action is "confusing" because it "appears to be a prayer for relief," but argues that, such that it is a claim for Declaratory Relief under state law, the claim fails. CCCOE Mot. at 14. Plaintiffs' opposition does not clarify matters, making arguments regarding both Declaratory Relief under California law and the federal Declaratory Judgment Act. Opp'n to CCCOE at 16–17.

Such a situation fits neatly into Rule 12(e)'s ambit. CCCOE does not seek additional factual details, but to effectively respond to the Complaint. This is not possible where the complaint is vague as to the source of law underpinning its claims. See, e.g., Isgar v. City of Bakersfield, 18-cv-433, 2018 WL 4944871, at *8 (E.D. Cal. Oct. 11, 2018) ("This is not a situation where a defendant is attempting to force a plaintiff to provide more details . . . [but] where the cause of action itself is unclear."); see also Crespin v. City of Espanola, 11-cv-913, 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012) ("The Court is unable to determine from the face of the Complaint which of Crespin's claims are based on federal law, which are based on state law, and which are based on both.").

Accordingly, Defendants' motions for a more definite statement are granted as to Plaintiffs' sixth claim for a "Declaration Against Individuals," and denied as to all other claims.

13

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES PUSD's motion to dismiss Plaintiffs' claim for denial of FAPE (claim II). The Court GRANTS Defendants' motions to dismiss Plaintiffs' claims for breach of contract (claim III), breach of the implied covenant of good faith and fair dealing (claim IV), and fraud (claim V). The Court GRANTS Plaintiffs leave to amend their Complaint with respect to these claims, except it DENIES leave to amend claim III and claim IV to the extent Plaintiffs seek to bring those claims against Individual Defendants Haglund, Goeken, Rickard, Burger, and Scruggs. The Court further GRANTS Defendants' motions for a more definite statement as to Plaintiffs' claim for a "Declaration Against Individuals" (claim VI) and DENIES Defendants' motions for a more definite statement as to all other claims. Plaintiffs may file an amended complaint within 21 days of this order.

**IT IS SO ORDERED.**

Dated: October 28, 2022



CHARLES R. BREYER
United States District Judge