IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT, et al.,<br><br>            Defendants. | Case No. 22-cv-03036-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |

    Plaintiff A.L., by and through her parent and guardian ad litem, Joseph Lain ("Plaintiffs") bring various claims against two public educational entities, the Pleasanton Unified School District ("PUSD") and the Contra Costa County Office of Education ("CCCOE"; together, the "Defendants"), for failure to provide A.L., a child with Wolf-Hirschhorn syndrome, with an appropriate education.

    The Court has addressed two prior rounds of motions to dismiss in this case, and Defendants now move to dismiss two of Plaintiffs' claims—breach of implied covenant of good faith and fair dealing (claim IV) and fraud (claim V)—for the third time. See PUSD Mot. (dkt. 57); CCCOE Mot. (dkt. 58); A.L. v. Pleasanton Unified Sch. Dist., No. 22-cv-03036, 2022 WL 16528141 (N.D. Cal. Oct. 28, 2022) [hereinafter Pleasanton I]; A.L. v. Pleasanton Unified Sch. Dist., No. 22-CV-03036-CRB, 2023 WL 1769263 (N.D. Cal. Feb. 3, 2023) [hereinafter Pleasanton II].

As explained below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court vacates the motion hearing scheduled for August 18, 2023, DENIES Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, and GRANTS Defendants' motion to dismiss Plaintiffs' claim for fraud without leave to amend.

## I. BACKGROUND

The Court has previously recounted the complex facts of this case in two prior orders.  See Pleasanton I, 2022 WL 16528141, at *1–2; Pleasanton II, 2023 WL 1769263, at *1–2.  This section is therefore limited to a discussion of the case's procedural history in this Court.

Plaintiffs originally brought this suit against PUSD, CCCOE, and various named defendants.  Compl. (dkt. 1).  PUSD and CCCOE moved to dismiss.  See dkts. 24–25.  While the Court denied Defendants' motions as to Plaintiffs' claim alleging denial of FAPE (claim II), it granted Defendants' motions to dismiss Plaintiffs' state-law claims (claims III–V) with leave to amend because Plaintiffs failed to allege compliance with the California Government Tort Claims Act.  Pleasanton I, 2022 WL 1652814, at *4.  However, the Court denied leave to amend as to the state-law claims against named individual defendants because they were not parties to the March 2021 Settlement Agreement at issue in this action.  Id.[1]  Plaintiffs thereafter amended their complaint, and Defendants brought a second motion to dismiss, this time only seeking dismissal of Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud (claims III-V).  See FAC (dkt. 36); dkts. 37, 41.

The Court declined to dismiss the breach of contract claim because Plaintiffs plausibly pleaded that Defendants breached the March 2021 Settlement Agreement.

---

[1] The Court also granted Defendants' motions for a more definite statement as to Plaintiffs' claim for a "Declaration Against Individuals."  Pleasanton I, 2022 WL 1652814, at *4.  Plaintiffs did not reallege any claims against named Individual Defendants, or their "Declaration Against Individuals" claim, in either of their amended complaints.

2

Pleasanton II, 2023 WL 1769263, at *4.  But the Court dismissed Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, because Plaintiffs failed to plead facts demonstrating Defendants' failure to discharge contractual responsibilities by a "conscious and deliberate act."  Id. at *5.  The Court also dismissed Plaintiffs' fraud claim, because Plaintiffs failed to plausibly plead that Defendants' statements were false when made.  Id. at *6–7.  The Court granted leave to amend both claims, and Plaintiffs did so.  Id. at *5, *7; SAC (dkt. 49).

After two unsuccessful mediation sessions, Defendants again seek dismissal of the breach of implied covenant of good faith and fair dealing claim (claim III) and fraud claim (claim IV).

## II.     LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory.  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019).  Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion.  Id. (citing Twombly, 550 U.S. at 555).  When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

1    If a court dismisses a complaint for failure to state a claim, it should "freely give
2    leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend
3    "is not to be granted automatically." In re W. States Wholesale Nat. Gas Antitrust Litig.,
4    715 F.3d 716, 738 (9th Cir. 2013). A court has discretion to deny leave to amend due to
5    "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to
6    cure deficiencies by amendments previously allowed, undue prejudice to the opposing
7    party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger,
8    Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371
9    U.S. 178, 182 (1962)). To determine whether amendment would be futile, courts examine
10   whether the complaint can be amended to cure the defect requiring dismissal "without
11   contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus.,
12   Inc., 912 F.2d 291, 296–97 (9th Cir. 1990).

### III.  DISCUSSION

Defendants argue that Plaintiffs have failed to plausibly plead claims for breach of the implied covenant of good faith and fair dealing and fraud, citing the Court's prior order dismissing those claims with leave to amend. Pleasanton II, 2023 WL 1769263, at *5–7. While the Court agrees that Plaintiffs' still do not plausibly plead a fraud claim, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing may go forward based on new allegations in the second amended complaint.

#### A.  Breach of Implied Covenant of Good Faith and Fair Dealing

As discussed in the Court's prior order, a breach of the covenant of good faith and fair dealing is "prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act." Id. at *5 (quoting Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990)). Such an act must "unfairly frustrate[] the agreed common purposes [of the contract] and disappoint[] the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Careau, 222 Cal. App. 3d at 1395. "Just what conduct will meet this criteria must be determined on a case by case basis and will depend on the contractual purposes and reasonably

justified expectations of the parties." Id. Whether the implied covenant of good faith has been breached is typically a question of fact, unless only one inference can be drawn from the evidence. Hicks v. E.T. Legg & Assocs., 89 Cal. App. 4th 496, 509 (2001).

In its prior order, the Court dismissed this claim because Plaintiffs had failed to plead the "conscious and deliberate act" required under California law. Pleasanton II, 2023 WL 1769263, at *5. Plaintiffs' allegations, which were based on Defendants' near immediate breach of the March 2021 Settlement Agreement and conclusory assertions of "false promises" made by and through that agreement, did not "go beyond the mere statement of a contract breach" and thus stated only a claim for breach of contract and not a separate claim for a breach of the implied covenant. Id. (quoting Careau, 222 Cal. App. 3d at 1395).

Plaintiffs' new allegations in the second amended complaint center on representations made by PUSD and CCCOE in the August 2021 administrative proceedings that followed the alleged breach of the March 2021 Settlement Agreement. Plaintiffs allege that Defendants, in a declaration appended to their joint opposition to Plaintiffs' August 2021 Motion to Stay Put, stated that the 2019 Individual Education Plan ("IEP") did not "include a 1:1 educational aide." SAC ¶ 70.[2] That was despite the alleged shared understanding between the parties that the 2019 IEP stated that A.L.'s 1:1 aide must be able to "address[] all of her health and educational needs," and the replacement aide was only equipped to handle A.L.'s health needs. See SAC ¶¶ 31, 56, 58; Compl. Ex. 1 (2019 IEP) at 37. Unlike the prior allegations that "[did] not go beyond the statement of a mere contract breach," this allegation may, in fact, amount to the "conscious and deliberate act" required to breach the implied covenant of good faith and fair dealing.

---

[2] Plaintiffs' do not append the Opposition to the Motion to Stay Put to the second amended complaint, and this statement in the complaint is presumably paraphrased. See SAC ¶ 70. Defendants, however, do not argue that Plaintiffs misstated or misinterpreted that statement; they only argue that this statement is not in direct conflict with the 2019 IEP or the March 2021 Settlement Agreement, and therefore does not plausibly plead a breach of the implied covenant. See, e.g., CCCOE Reply (dkt. 64) at 3 ("A declaration that A.L.'s IEP did not include a 1:1 educational aide is not contrary to the March 2021 Settlement Agreement or A.L.'s IEP.").

5

     Defendants' arguments to the contrary are unpersuasive.  First, Defendants argue that "a 1:1 LVN that was responsible for all A.L.'s health and educational needs is not a specific contractual provision of the March 2021 Settlement Agreement."  CCCOE Reply at 2.  This is true, as far as it goes; but the March 2021 Settlement Agreement tasks both[3] Defendants with "implement[ing] the IEP" and the parties to the settlement further agreed that "any disputes, concerns or interpretations that are not consistent with the operative IEP shall be interpreted in favor of the language set forth in that operative IEP."  March 2021 Settlement Agreement at 4.  The IEP, in turn, states that A.L.'s 1:1 aide must be able to "address[] all of her health and educational needs." 2019 IEP at 37.  Accordingly, it is at least plausible that the representation that PUSD and CCCOE made in the declaration appended to their joint opposition—though not prohibited by the express terms of the March 2021 Settlement Agreement—"is nevertheless contrary to the contract's purposes and the parties' legitimate expectations."  Carma Developers v. Marathon Development Cal., Inc., 2 Cal. 4th 342, 373 (1992).

     CCCOE further argues that Plaintiffs fail to plausibly allege that such a statement—even if it was a "conscious and deliberate act"—"caused the tribunal to deny Plaintiffs' motion," because Plaintiffs had an opportunity to respond to the opposition and introduce additional evidence in support of their position.  CCCOE Reply at 3.  But the Court must heed California courts' instruction that breaches of the covenant "must be examined on a case-by-case basis," Carma Developers, 2 Cal. 4th at 372, and whether the covenant has been breached "is ordinarily a question of fact unless only one inference can be drawn from the evidence." Hicks, 89 Cal. App. 4th at 509.  The Court declines to hold as a matter of law that Plaintiffs were not harmed by Defendants' representation in support of their

---

[3] This, in turn, is why CCCOE's argument that it "did not have an obligation or responsibility under the March 2021 Settlement Agreement to provide a LVN, an aide, or a paraprofessional to A.L." is baseless. See Compl. Ex. 2 (March 2021 Settlement Agreement) at 4 ("The Parties agree that CCCOE and PUSD both have obligations individually and separately to Student and that while PUSD is ultimately responsible for the provision of Student's FAPE, CCCOE recognizes that it must work collaboratively with PUSD and must also ensure that the operative IEP is followed and implemented pursuant to this Agreement."); see also Pleasanton II, 2023 WL 1769263, *4.

6

joint opposition to the Motion to Stay Put. That is ultimately a question of fact to be determined in later proceedings.

### B. Fraud

The same cannot be said of Plaintiffs' fraud claim. In its prior order, the Court held that Plaintiffs had failed to allege fraud with particularity under Rule 9(b) because they had failed to plead "contemporaneous statements or conditions" that demonstrate why Defendants' statements in negotiating the settlement were false when made, beyond the fact that they allegedly breached shortly thereafter. Pleasanton II, 2023 WL 1769263, at *7.

Plaintiffs still fail to make any such allegations. Plaintiffs' only alleges two new facts with respect to fraud: First, Plaintiffs allege that the same representatives from PUSD and CCCOE negotiated the 2019 IEP and the March 2021 Settlement Agreement, and thus had knowledge of the parties' understandings at the time those agreements were negotiated. See SAC ¶¶ 43, 70; see also Opp'n to PUSD (dkt. 60) at 11. Second, as discussed above, those representatives "perpetuated a false narrative [in the August 2021 administrative proceeding] that the 1:1 LVN was only designated to serve A.L.'s health needs and was not to provide any education/academic support." Opp'n to CCCOE (dkt. 61) at 8. But even connecting these dots, at best, Plaintiffs have alleged that Defendants' representatives changed their tune about the meaning of the 2019 IEP and the March 2021 Settlement Agreement in August 2021 when they filed their joint opposition to the Motion to Stay Put. See SAC ¶ 70. This does not suffice to allege, as it must, that Defendants statements were fraudulent when made in March 2021. See Pleasanton II, 2023 WL 1769263, at *7.[4]

---

[4] The Court is not convinced by Plaintiffs argument that "less particularity is required when the facts lie more in the knowledge of the opposing party," and as such, Plaintiffs' general allegations of fraud should suffice. Tenet Healthsystem Desert, Inc. v. Blue Cross of California, 245 Cal. App. 4th 821, 838 (2016). Lain was a party to the settlement; he was in the room when the representations were made; if he believes that Defendants were not negotiating in good faith, he should have some reason for that belief beyond Defendants' later breaches. See, e.g., Radaro Inc. v. ShiftPixy Inc., No. SACV 20-1143, 2020 WL 7315461, at *4 (C.D. Cal. Oct. 21, 2020) (declining to apply this "relaxed" standard to a fraudulent inducement to contract claim for the

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is DENIED; and their motion to dismiss Plaintiffs' claim for fraud is GRANTED. Because the Court has previously granted Plaintiffs' leave to amend their fraud allegations twice—including once to address the precise deficiencies discussed in this order—the Court denies Plaintiffs leave to amend their fraud claim. See Pleasanton II, 2023 WL 1769263, at *7; Leadsinger, 512 F.3d at 532.

**IT IS SO ORDERED.**

Dated: August 14, 2023



CHARLES R. BREYER
United States District Judge

---

same reasons). Were it otherwise, every breach of contract action would plead a fraud claim.